IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **MICHAEL LOVE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 2:20-cv-02747-TLP-atc |
| ) | |
| **METHODIST HOSPITALS,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

On October 2, 2020, Plaintiff Michael Love filed a *pro se* complaint against Defendant Methodist Hospitals, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the "ADEA"). (ECF No. 1.) Plaintiff filed a motion seeking leave to proceed *in forma pauperis* (ECF No. 2), which the Court granted on October 7, 2020 (ECF No. 6). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

For the reasons set forth below, it is recommended that Plaintiff's claims be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. The Court further recommends that Love be given thirty days to amend his claims against Defendant, at which point his claims can once again be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2). The Court further recommends that, should

Plaintiff fail to amend his Complaint within thirty days, it be dismissed in its entirety consistent with the following.

## PROPOSED FINDINGS OF FACT

Plaintiff filed his Complaint on a Court-supplied form alleging employment discrimination in violation of Title VII and the ADEA.  (ECF No. 1, at ¶ 1.)  Love alleges that he was discriminated against on the bases of his race (African American), color (Dark Complexion), gender/sex (Male), religion (Baptist), and age (over forty years old).  (*Id.* ¶ 9.)  Plaintiff failed to provide either his age or his year of birth in his Complaint.  (*Id.*)  As discriminatory conduct, Plaintiff alleges the following actions:  termination of his employment, failure to promote, and retaliation.  (*Id.* ¶ 6.)

According to Love, the alleged discriminatory acts took place between April 2019 and September 2020.  (*Id.* ¶ 7.)  Plaintiff alleges that, after receiving an "exceed expectation" evaluation by his supervisor, Lt. Vincent Acevedo, Plaintiff's director, Keith Howlett, "worked viciously to discredit [Love] and impose [Howlett's] racist views toward [Love]."  (*Id.* ¶ 10.)  "Marty Keith previously interviewed [Love] for the Director's position but hired his friend, Mr. Howlett, instead."  (*Id.*)  "Tim Slocum refused to give [Love] an interview but followed defamation and character assassination given to him [sic] by Officer Nathan Hutchinson."  (*Id.*)  "Officer Rhoda Miles and Human Resources Lt. Debra Sharp influenced officers to make false statements after I left work to go home because of a migraine headache."  (*Id.*)

According to Plaintiff, he filed an EEOC charge of discrimination against Defendant on or about August 14, 2020.  (*Id.* at ¶ 12.)  The EEOC issued a Right to Sue Letter on August 14, 2020 (ECF No. 1-1), which Love received on August 17, 2020 (ECF No. 1, at ¶ 14).  The EEOC's letter notified Love that the EEOC was unable to conclude that the information obtained

established violations of Title VII or the ADEA.  (ECF No. 1-1.)  For relief, Love seeks re-employment, promotion, $35,000 in back pay and interest, and $7,000,000 in compensatory damages for "loss, suffering, abuse, efforts to prevent promotion, and intentional agony."  (ECF No. 1, at 6.)

## PROPOSED CONCLUSIONS OF LAW

**I.     28 U.S.C. § 1915(e)(2) Screening**

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B).  Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  This Report and Recommendation constitutes the Court's screening.

**II.    Standard of Review for Failure to State a Claim**

To determine whether Love's Complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).  The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir.

2012). Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Capital Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII and ADEA plaintiffs are not required to plead the elements of a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is required is that the complaint satisfies Rule 8(a)'s simplified pleading standard. *Swierkiewicz*, 534 U.S. at 513. Federal Rule of Civil Procedure 8(a) provides in relevant part that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "But where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III.   Love's Title VII Claims

Love alleges that Methodist Hospitals discriminated against him on the basis of his race, color, gender/sex, and religion. (ECF No. 1, at ¶ 9.) Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). The essential elements of a Title VII discrimination claim are: (1) the plaintiff is a member of a protected group; (2) he was subjected to an adverse employment action; (3) he was qualified for the position; and (4) either similarly situated, non-protected employees were treated more favorably or he was replaced by someone outside of his protected class. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 393 (6th Cir. 2010). A reverse discrimination claim carries a different and more difficult *prima facie* burden than an ordinary sex discrimination claim. *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006). To establish a claim of reverse sex discrimination, a plaintiff is required to show that "background circumstances support the suspicion that the defendant is that unusual employer who

5

discriminates against the majority" and "that the employer treated differently employees who were similarly situated but not members of the protected group." *Id.* (citing *Yeager v. Gen. Motors Corp.*, 265 F.3d 389, 397 (6th Cir. 2001)).

With respect to his Title VII claims based on race and color, Love adequately pleads the first two elements. Love states that he is African American and dark complected and, therefore, a member of protected classes. Love also alleges that he was denied promotion and terminated, which are adverse employment actions. *Freeman v. Potter*, 200 F. App'x 439, 442 (6th Cir. 2006) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)) (finding that adverse employment actions are decisions that "constitute[] a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits").

Plaintiff's Complaint, however, is devoid of any allegations that any similarly situated white employees or employees with lighter complexions were treated more favorably than him. In fact, Plaintiff does not provide the race or color of any other person discussed in the Complaint. (ECF No. 1, at ¶ 10.) Additionally, Plaintiff fails to allege any facts that suggest he was replaced by someone outside of his protected classes. As such, Love fails to plead facts sufficient for the Court to infer the essential elements of race or color discrimination claims, and he therefore fails to state a claim upon which relief can be granted.

The same is true of Love's Title VII claim based on religious discrimination. Though Plaintiff has alleged that he suffered adverse employment actions based on his Baptist beliefs, he does not allege that any similarly situated, non-Baptist employees were treated more favorably than him. *See Hudson v. City of Highland Park, Mich.*, 943 F.3d 792, 802 (6th Cir. 2019) (recognizing that an essential element of a disparate treatment religious discrimination claim is

6

that plaintiff was treated differently from a similar employee who does not follow the same religious beliefs). Additionally, Plaintiff fails to provide the religious beliefs of any other person discussed in the Complaint or allege any facts that suggest he was replaced by someone who is not Baptist. As a result, Love fails to plead facts sufficient for the Court to infer the essential elements of a religious discrimination claim and fails to state a claim upon which relief can be granted.

With respect to his gender/sex discrimination Title VII claim, Love states that he is male, rendering his claim one of reverse sex discrimination. Plaintiff fails, however, to include any factual allegations that Defendant treated male employees differently than female employees. Specifically, Plaintiff has not alleged that female employees were treated more favorably under similar circumstances. Because Plaintiff has failed to plead facts sufficient for the Court to infer the essential elements of a sex discrimination claim, he fails to state a claim upon which relief can be granted.

Based on the foregoing, it is recommended that all of Plaintiff's claims under Title VII be dismissed.

## IV. Love's ADEA Claim

Love also alleges that he was discriminated against on the basis of his age in violation of the ADEA. (ECF No. 1, at ¶ 9.) The essential elements of an age discrimination claim under the ADEA are that the plaintiff (1) was at least forty years old at the time of the alleged discrimination, (2) was subjected to an adverse employment action, (3) was otherwise qualified for the position, and (4) was replaced by a younger worker. *McKnight v. Gates*, 282 F. App'x 394, 400 (6th Cir. 2008). Love alleges that he was over forty when the alleged discrimination occurred but does not specify his age. (ECF No. 1, at ¶ 9.) Regardless, Plaintiff has not included

any factual allegations that he was subjected to an adverse employment action because of his age or that he was replaced by a younger worker. Because Love has failed to plead sufficient facts for the Court to infer the essential elements of an age discrimination claim, it is recommended that Plaintiff's claim under the ADEA be dismissed for failure to state a claim upon which relief may be granted.

### V.     Love's Retaliation Claim

Lastly, Love alleges that Defendant retaliated against him. (*Id.* ¶ 6.) It is unclear whether the retaliation claim is brought pursuant to Title VII or the ADEA, but regardless, Plaintiff fails to allege sufficient facts to infer the essential elements of a retaliation claim.

To establish a claim of retaliation, a plaintiff must show: (1) he engaged in protected activity; (2) the employer was aware of this protected activity; (3) the employer subsequently took an adverse employment action against him; and (4) there was a causal connection between the protected activity and the adverse employment action. *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 523 (6th Cir. 2008); *see also Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir. 2007) ("Title VII's anti-retaliation provision is similar in relevant respects to the ADEA's anti-retaliation provision, and it is therefore appropriate to look to cases construing Title VII as a source of authority for interpreting the ADEA's anti-retaliation clause."). Protected activity for purposes of a retaliation claim includes "oppo[sing] any practice made an unlawful employment practice" and making a charge, testifying, assisting, or participating in an "investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a); *see also Speck v. City of Memphis*, 594 F. Supp. 2d 905, 923 (W.D. Tenn. 2009) (relying on *Fox v. Eagle Distribution Company* to explain that protected activity under the ADEA is the same as protected activity under Title VII).

Plaintiff's Complaint fails to allege any facts supporting an inference that Defendant knew of any protected activity or that a causal connection existed between such activity and an adverse employment action.  The only protected activity described in the Complaint is Love's filing of a charge with the EEOC on or about August 14, 2020.  (ECF No. 1, at ¶ 12.)  The Complaint does not allege any adverse employment action resulting from that activity and thus necessarily fails to allege the requisite causal connection.  Because the Court cannot infer the essential elements of a retaliation claim—whether under Title VII or the ADEA—it is recommended that Plaintiff's retaliation claim be dismissed for failure to state a claim upon which relief can be granted.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that Love's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  The Court further recommends that Plaintiff be given thirty days to amend his claims against Defendant, at which point his claims can once again be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2).  The Court further recommends that, should Love fail to amend his Complaint within thirty days, it be dismissed in its entirety.

Respectfully submitted this 30th day of April, 2021.

s/Annie T. Christoff<br>
ANNIE T. CHRISTOFF<br>
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.