IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:20-cv-02747-TLP-atc |
| v. | ) | |
| | ) | JURY DEMAND |
| METHODIST HOSPITALS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Michael Love sues pro se, alleging that Defendant Methodist Hospitals violated his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Age Discrimination Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the "ADEA"). (ECF No. 1.)

Under Administrative Order 2013–05, the Court referred this case to the Magistrate Judge to manage pretrial matters.  And the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Court (1) dismiss Plaintiff's claims, (2) give Plaintiff thirty days to amend his claims, and (3) dismiss this case in its entirety if Plaintiff fails to amend.  (ECF No. 7.)

For the reasons below, the Court **ADOPTS** the R&R in full.

**BACKGROUND**

Plaintiff sues Defendant alleging employment discrimination in violation of Title VII and the ADEA.  (ECF No. 7 at PageID 18.)  Plaintiff claims Defendant discriminated against him based on race (African American), color (dark complexion), religion (Baptist), gender/sex

(male), and age (over forty years old).  (*Id.*)  But Plaintiff failed to include his age and year of birth in his Complaint.  (*Id.*)  Plaintiff also claims Defendant wrongfully terminated his employment, failed to promote him, and retaliated against him.  (*Id.*)

Plaintiff claims that these discriminatory acts first took place between April 2019 and September 2020 and that Defendant continues to discriminate against him.  (*Id.*)  In short, Plaintiff alleges that even though his supervisor gave him a positive evaluation, his director "worked viciously to discredit" him and had racist views.  (*Id.*)  Plaintiff further claims that "Marty Keith previously interviewed [Plaintiff] for the Director's position but hired his friend, Mr. Howlett, instead."  (*Id.*)  And "Tim Slocum refused to give [Plaintiff] an interview but followed defammation [sic] and character assassination given to him by Officer Nathan Hutchinson."  (*Id.*)  Lastly, Plaintiff alleges that "Rhoda Miles and Human Resources Lt. Debra Sharp influenced officers to make false statements after [Plaintiff] left work to go home because of a migraine headache."  (*Id.*)

According to Plaintiff, he filed an EEOC charge of discrimination against Defendant on August 14, 2020.  (*Id.*)  The EEOC then issued a Right to Sue Letter, which Plaintiff received on August 17, 2020.  (*Id.*)  In the letter, the EEOC could not conclude that the specified information established violations of either Title VII or the ADEA.  (*Id.*; ECF No. 1-1 at PageID 7.)  For relief, Plaintiff requests re-employment, promotion, $35,000 in back pay and interest, and $7,000,000 in compensatory damages for "loss, suffering, abuse, efforts to prevent promotion, and intentional agony."  (ECF No. 7 at PageID 19.)

**THE R&R**

**I.     Title VII Claims**

The Magistrate Judge first summarized Plaintiff's Title VII claims and explained the four essential elements plaintiffs must assert to plead successfully a discrimination claim under this statute. (ECF No. 7 at PageID 21 (citing *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010) ("To establish a claim of discrimination indirectly … a plaintiff must demonstrate (1) that he is a member of a protected class; (2) that he suffered an adverse employment action; (3) that he was qualified for the position; and (4) that a similarly-situated employee outside the protected class or classes was treated more favorably than he.").) The Magistrate Judge also explained that reverse discrimination occurs when an employer discriminates against a member of the majority. (*Id.* (quoting *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006)).

Of the four elements, the Magistrate Judge found that Plaintiff adequately pleaded the first two elements. (ECF No. 7 at PageID 22.) First, Plaintiff asserts that he is African American and has a dark complexion, classifying him as a member of a protected class. (*Id.*) Second, he alleges that Defendant denied him a promotion and then terminated him, which constitute adverse employment actions. (*Id.* (citing *Freeman v. Potter*, 300 F. App'x 439, 442 (6th Cir. 2006) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998) (concluding that adverse employment actions are decisions that "constitute[] a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits").)

But the Magistrate Judge further explained that Plaintiff failed to allege that Defendant treated any similarly situated white employee or employees with lighter complexions more favorably than him. (ECF No. 7 at PageID 22.) What is more, the Magistrate Judge pointed out

that Plaintiff does not identify the races or colors of anyone in the Complaint other than his own. (*Id.*)  Likewise, the Magistrate Judge held that Plaintiff failed to plead facts that suggest Defendant replaced him with someone outside his protected class.  (*Id.*)  Ultimately, the Magistrate Judge found that Plaintiff's Complaint contains no facts sufficient for the Court to infer the elements of race or color discrimination claims.  (*Id.*)  As a result, the Magistrate Judge found that the Complaint fails to state a claim upon which relief can be granted.  (*Id.*)

The Magistrate Judge's conclusions are the same for Plaintiff's Title VII claim based on religious discrimination.  (*Id.*)  Plaintiff alleges that Defendant based the adverse employment actions on his Baptist beliefs.  But he fails to identify any similarly situated, non-Baptist employees who Defendant treated more favorably than him.  (*Id.*) (citing *Hudson v. City of Highland Park, Mich.*, 943 F.3d 792, 802 (6th Cir. 2019) (identifying that an element of a disparate treatment claim based on religion is that the defendant treated the plaintiff differently than a similarly situated employee who does not follow the same religious beliefs).)  Because Plaintiff does not mention the religious beliefs of any other person or suggest that Defendant replaced him with a non-Baptist individual, the Magistrate Judge determined, and this Court agrees, that Plaintiff fails to state a claim upon which relief can be granted.  (ECF No. 7 at PageID 23.)

As for Plaintiff's gender/sex discrimination Title VII claim, the Magistrate Judge similarly concluded that Plaintiff fails to state a claim upon which relief can be granted.  (*Id.*)  Again, this Court agrees.  Plaintiff states that he is male, which qualifies his claim as one of reverse discrimination.  (*Id.*)  The Complaint, however, lacks factual allegations that Defendant treated female employees differently or more favorably than male employees under the

4

circumstances. (*Id.*) As a result, Plaintiff fails to plead the essential elements of a sex discrimination claim, and so fails to state a claim upon which relief can be granted.

Based on the above, the Magistrate Judge recommended that the Court dismiss all of Plaintiff's Title VII claims. (*Id.*)

## II.     ADEA Claim

The Magistrate Judge also addressed Plaintiff's claim for discrimination based on his age in violation of the ADEA, outlining the four elements that Plaintiff must plead. (*Id.*) (citing *McKnight v. Gates*, 282 F. App'x 394, 400 (6th Cir. 2008) (identifying the four elements of an ADEA claim: that the plaintiff (1) was at least forty years old at the time of the alleged discrimination, (2) was subject to an adverse employment action, (3) was otherwise qualified for the position, and (4) was replaced by a younger worker).) While Plaintiff claims that he was over forty years old when Defendant allegedly discriminated against him, the Magistrate Judge highlighted that Plaintiff did not identify his exact age. (*Id.*) Plaintiff also fails to allege that Defendant subjected him to an adverse employment action based on his age. (ECF No. 7 at PageID 24.) So the Magistrate Judge held that Plaintiff fails to state a claim upon which relief may be granted.

## III.    Retaliation Claim

Much like Plaintiff's Title VII and ADEA claims, the Magistrate Judge found that Plaintiff fails to plead the elements of a retaliation claim as well. (*Id.* (citing *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 523 (6th Cir. 2008) (explaining that a plaintiff must show: (1) he engaged in a protected activity; (2) the employer was aware of this protected activity; (3) the employer later took an adverse employment action against him; and (4) there was a causal connection between the protected activity and the adverse employment action).) At the same

time, the Magistrate Judge recognized that it is unclear whether Plaintiff brings his retaliation claim under Title VII or the ADEA. (*Id.*) Even so, the Magistrate Judge explained, "Title VII's anti-retaliation provision is similar in relevant aspects to the ADEA's antiretaliation provision." (*Id.* at PageID 24 (citing *Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir. 2007)).) For that reason, it is "appropriate to look to cases construing Title VII as a source of authority for interpreting the ADEA's anti-retaliation clause." *Id.*

The Magistrate Judge then concluded that Plaintiff failed to allege any facts that suggest Defendant knew Plaintiff engaged in a protected activity or that a causal connection existed between that activity and an adverse employment action. (ECF No. 7 at PageID 25.) For the above stated reasons, the Magistrate Judge suggested that the Court dismiss Plaintiff's retaliation claim for failure to state a claim upon which relief can be granted, no matter if the claim falls under Title VII or the ADEA. (*Id.*)

Considering the Magistrate Judge's findings, the Court will now address why it adopts the R&R.

## DISPOSITION

Federal Rule of Civil Procedure 72(b)(2) states that "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If a party files an objection, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). But when neither party objects, the district court need only review the record for "clear error." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendments.

Plaintiff did not object timely to the R&R, and the Court finds no clear error.[1]  Indeed, the Court agrees with the Magistrate Judge's findings.  Thus, the Court **ADOPTS** the R&R in full and, rather than dismissing the complaint now, this Court will instead give Plaintiff 30 days from the entry of this Order to amend his complaint.  (ECF No. 7 at PageID 25.)  If Plaintiff fails to amend his Complaint timely, the Court will dismiss without prejudice Plaintiff's claims against Defendant Methodist.

**SO ORDERED**, this 1st day of September, 2021.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff waited about 28 days and moved for the appointment of counsel.  (ECF No. 8.)  The Court will address this motion in a separate order.