# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **MICHAEL LOVE,** | ) |
| Plaintiff, | ) |
| v. | ) No. 2:20-cv-02747-TLP-atc |
| **METHODIST HOSPITALS,** | ) |
| Defendant. | ) |

## SECOND REPORT AND RECOMMENDATION

On October 2, 2020, Plaintiff Michael Love filed a *pro se* complaint against Defendant Methodist Hospitals, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. (ECF No. 1.) Plaintiff filed a motion seeking leave to proceed *in forma pauperis* (ECF No. 2), which the Court granted on October 7, 2020 (ECF No. 6). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons set forth below, it is recommended that this case be dismissed without prejudice.

## **PROPOSED FINDINGS OF FACT**

On April 30, 2021, this Court entered its First Report and Recommendation, which recommended that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[1]  (ECF No. 7.) The Court also

---

[1] The Court incorporates its First Report and Recommendation into the present Report and Recommendation.

recommended that Plaintiff be given thirty days to amend his claims against Defendant, at which point his claims could once again be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2). (*Id.*) On September 1, 2021, United States District Judge Thomas L. Parker adopted the First Report and Recommendation in full and gave Plaintiff thirty days to file an amended complaint. (ECF No. 9.) Judge Parker cautioned that, "[i]f Plaintiff fails to amend his Complaint timely, the Court will dismiss without prejudice Plaintiff's claims against Defendant Methodist." (*Id.*) Judge Parker also denied Plaintiff's motion for appointment of counsel on September 1, 2021. (ECF No. 10.)

Prior to the expiration of that thirty-day period, on September 30, 2021, Plaintiff filed a motion for a ninety-day extension of time to amend and to seek an attorney. (ECF No. 11.) Judge Parker granted that motion on October 4, 2021, and gave Plaintiff until December 30, 2021, to amend his complaint. (ECF No. 12.)

Prior to the expiration of the ninety-day extension granted by Judge Parker, on December 30, 2021, Plaintiff filed another motion for extension of time, requesting another ninety days to retain an attorney. (ECF No. 13.) Because Plaintiff had already been granted more than 120 days to file an amended complaint, this Court granted Plaintiff forty-five more days, or until March 7, 2022, to file an amended complaint. (ECF No. 14.)

Prior to the expiration of that forty-five-day extension, on March 7, 2022, Plaintiff submitted a motion to amend his complaint and to have counsel appointed. (ECF No. 15.) Plaintiff's second request to have counsel appointed was denied. (ECF No. 16, at 3.) With respect to Plaintiff's request for permission to amend his complaint, this Court noted that this request was unnecessary, as he had already been granted permission to amend, and indeed he was required to do so if he intended to prosecute this case. (*Id*. at 2.) In any event, the Court

granted Plaintiff's motion and provided him one final extension of time, until April 11, 2022, to file an amended complaint. In doing so, the Court cautioned that "[n]o further extensions of time will be granted. Failure to file an amended complaint by April 11, 2022, will result in the dismissal of this case pursuant to the Order Adopting Report and Recommendation and pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." (*Id.* at 2.) Plaintiff has not filed an amended complaint, or anything else, since entry of that order.

## PROPOSED CONCLUSIONS OF LAW

For the reasons stated in the First Report and Recommendation, Plaintiff's original complaint—the only pleading filed in this case—is insufficient to state a claim for which relief may be granted. Dismissal is therefore warranted on that basis.

Dismissal is also warranted due to Plaintiff's failure to prosecute this case. Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute and/or to comply with the Federal Rules of Civil Procedure or a court order. Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). In determining whether to dismiss an action under Rule 41(b), courts consider four factors, none of which are dispositive standing alone:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 569–70 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008)). Though the second factor is inapplicable here because a summons for the Defendant never issued, the other three factors favor dismissal.

3

Factors one and three support dismissal of this case. With respect to the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737); *see also Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 31–32 (6th Cir. 2012) (holding that bad faith exists when a party delays or disrupts the litigation or hampers the enforcement of a court order) (citing *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)). The third factor—prior notice, or the lack thereof—is a key consideration in determining whether dismissal under Rule 41(b) is warranted. *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)).

Plaintiff has been granted numerous extensions of time to file an amended complaint, and each extension was accompanied by an admonition that failure to timely amend would result in the dismissal of his claims against Defendant. (*See, e.g.*, ECF No. 9, at 7.) In total, Plaintiff was granted over six months of extensions of time to file an amended complaint since the entry of Order Adopting Report and Recommendation on September 1, 2021. Even so, Plaintiff failed to timely submit an amended complaint by April 11, 2022, and as of the date of this Second Report and Recommendation, no amended complaint has been filed. As a result, the first and third factors are more than satisfied, favoring dismissal.

The fourth factor does not require the Court "to incant a litany of the available lesser sanctions" before dismissing a case for failure to prosecute. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Rather, when the plaintiff's refusal to participate and to comply with court orders is contumacious, dismissal "as the first and only sanction" is within the court's power. *Harmon*, 110 F. 3d at 368. In its most

4

recent Order, the Court was unequivocal as to the consequences if Plaintiff failed to amend by April 11, 2022: "Failure to file an amended complaint by April 11, 2022, will result in the dismissal of this case pursuant to the Order Adopting Report and Recommendation and pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." (ECF No. 16, at 2.) Plaintiff has failed to file an amended complaint in the ten months since Judge Parker ordered him to do so, despite numerous extensions of time and warnings in the interim. Plaintiff's conduct demonstrates that he has no intention of prosecuting this case. The Court thus recommends dismissal, rather than a lesser sanction.

## RECOMMENDATION

For the foregoing reasons, this Court recommends that this case be dismissed without prejudice pursuant to the September 1, 2021 Order Adopting Report and Recommendation and pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute

Respectfully submitted this 5th day of July, 2022.

s/Annie T. Christoff  
ANNIE T. CHRISTOFF  
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.